UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Eastern Electrical Corp.</u>

    v.                                    Civil No. 05-cv-303-JD
                                       Opinion No. 2005 DNH 164
<u>FERD Construction, Inc.,</u>
<u>and BAE Systems, Inc.</u>


O R D E R

    Eastern Electrical Corporation provided electrical work as a subcontractor during the renovation of a building owned by BAE Systems, Inc., where FERD Construction, Inc., was the general contractor.  When Eastern did not receive the amount it expected in payment for its work, it brought suit, alleging a claim of breach of contract against FERD and claims of unjust enrichment and quantum meruit against FERD and BAE.  BAE moves to dismiss the unjust enrichment and quantum meruit claims against it.


<u>Standard of Review</u>

    In considering a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court accepts the facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff.  <u>Citibank v. Grupo Cupey, Inc.</u>, 382 F.3d 29, 31 (1st Cir. 2004).  The court must determine whether the complaint, construed in the proper light, "alleges facts

sufficient to make out a cognizable claim." Carroll v. Xerox Corp., 294 F.3d 231, 241 (1st Cir. 2002). All that is required is a short and plain statement of the claim. See Gorski v. N.H. Dep't of Corr., 290 F.3d 466, 473 (1st Cir. 2002) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)).

The court "must carefully balance the rule of simplified civil pleadings against our need for more than conclusory allegations." Aybar v. Crispin-Reyes, 118 F.3d 10, 13 (1st Cir. 1997). To avoid dismissal, "the complaint should at least set forth minimal facts as to who did what to whom, when, and why . . . ." Redondo-Borges v. U.S. Dep't of Housing & Urban Dev., 421 F.3d 1, 9 (1st Cir. 2005) (internal quotation marks omitted). "Even within the generous confines of notice pleading, courts must continue to eschew reliance on bald assertions and unsupportable conclusions." Id.

## Background

Eastern alleges that BAE engaged FERD to act as general contractor for the renovation of its building on Canal Street in Nashua, New Hampshire. After the first electrical contractor was unable to complete the project, FERD contracted with Eastern, on a time and materials basis, to complete the electrical work. The subcontract was executed by Eastern on September 7, 2004, and by

FERD on September 20, 2004.

Eastern alleges that the contract provided a limit on the amount to be paid for its electrical work as follows:  "The value of this subcontract shall not exceed $125,000 without prior written authorization."  Complaint ¶ 13.  According to Eastern, a handwritten note was added on September 7, 2004, indicating that the initial scope of the electrical work was "to complete up to $125,000 remaining electrical work."  Id. ¶ 15.  Eastern alleges that it submitted two change orders that FERD approved which increased the limit on Eastern's work to $275,000.  Eastern contends that the changes were made because of "field directives" issued by FERD and BAE and that FERD and BAE continued to issue field directives for the remainder of the project.  Eastern also alleges that it submitted daily inventories and labor time sheets to FERD that were approved and that its representatives attended regular project meetings with representatives of FERD and BAE.

By the time it completed the electrical work in late November of 2004, Eastern alleges it had furnished time and materials totaling $448,081.77.  FERD has paid Eastern $149,301.98 and provided a retainer of $16,589.11.  Eastern has demanded additional payment from FERD, but FERD has refused to make any additional payments.

Discussion

Eastern brings a claim of breach of contract against FERD and alleges separate claims of unjust enrichment and quantum meruit against BAE and FERD.  BAE moves to dismiss both claims against it on the grounds that such claims are not available as a matter of law, that Eastern failed to state claims of unjust enrichment and quantum meruit, and that a quantum meruit claim must be based on an underlying contractual relationship.  Eastern objects.

A.   Availability of Equitable Remedy

Restitution under theories of quantum meruit and unjust enrichment is an equitable remedy.  See In re Haller, 150 N.H. 427, 430 (2003); Kowalski v. Cedars of Portsmouth Condo. Ass'n, 146 N.H. 130, 134 (2001).  Equitable remedies are not available in New Hampshire courts when the plaintiff has an adequate legal remedy.  See, e.g., Concord Orthopaedics Prof. Ass'n v. Forbes, 142 N.H. 440 445-46 (1997); Fischer v. City of Dover, 131 N.H. 469, 476 (1989).  Indeed, it is a basic tenet of equity jurisprudence "that courts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief."  Younger v. Harris, 401 U.S. 37, 43-44 (1971); accord Morales v. Trans

World Airlines, Inc., 504 U.S. 374, 381 (1992); Parsons Infrastructure & Tech. Group, Inc. v. Gilbane Bldg. Co., 2005 WL 2978901, at *1 (D.N.H. Nov. 7, 2005); Massachusetts v. Mylan Labs., 357 F. Supp. 2d 314, 324 (D. Mass. 2005).

Under New Hampshire law, subcontractors have a statutory right to a lien on the materials provided and the structure where the work was done, provided that the subcontractor gives notice in writing to the owner of the property before performing the work or, for a more limited lien, after the work has begun. See RSA 447:5; RSA 447:6.  Russell v. Woodbury, 135 N.H. 432, 433 (1992).  In addition, in this case, Eastern had a contract with FERD that covered its work on BAE's building.  Eastern has brought a breach of contract claim as part of this suit to recover the amounts it claims are owed.

Eastern explains that recovery under the mechanics' lien statute is not available because it did not give the required notice.  Eastern argues that it will suffer irreparable injury if it is not permitted to maintain its equitable claims against BAE because it would lose $300,000.  Eastern's argument, however, does not explain why the remedy it seeks against FERD for breach of contract, seeking damages for the amounts that it alleges have not been paid, is not adequate.  No irreparable injury exists if the injury is compensable in damages.  See Exeter Realty Corp. v.

Buck, 104 N.H. 199, 201 (1962); see also Matrix Group Ltd., Inc. v. Rawlings Sporting Goods Co., Inc., 378 F.3d 29, 33-34 (1st Cir. 2004).

Because Eastern has not explained why it does not have an adequate remedy at law in the circumstances of this case, it is not entitled to the equitable remedy of restitution under either of its theories.  See Parsons, 2005 WL 2978901.  Even if that explanation were forthcoming, however, the complaint is insufficient to state those claims.

B.  Unjust Enrichment and Quantum Meruit

"The doctrine of unjust enrichment is that one shall not be allowed to profit or enrich himself at the expense of another contrary to equity."  Pella Windows & Doors, Inc. v. Faraci, 133 N.H. 585, 586 (1990) (internal quotation marks omitted).  A claim of quantum meruit asserts the plaintiff's right "only to obtain what equitably belongs to him."  Blanchard v. Calderwood, 110 N.H. 29, 34 (1969) (internal quotation marks omitted).  The elements of a restitution claim under unjust enrichment or quantum meruit are that the defendant was unjustly enriched "either through wrongful acts or passive acceptance of a benefit

that would be unconscionable to permit the defendant to retain."[1] R. Zoppo Co., Inc. v. City of Manchester, 122 N.H. 1109, 1113 (1982).

Theories of unjust enrichment and quantum meruit are based on the equitable principle that the defendant has enriched itself at the expense of another, or in other words, has received a benefit for which it has not paid. See, e.g., Pella Windows, 133 N.H. at 586. Eastern did not allege that BAE failed to pay FERD for the work Eastern did on BAE's building. Instead, Eastern alleges in a cursory manner that because it has not been paid in full, FERD and BAE have been unjustly enriched and received a

---

[1] New Hampshire cases do not clearly differentiate between theories of unjust enrichment and quantum meruit. See, e.g., Nat'l Employment serv. Corp. v. Olsten Staffing Serv., Inc., 145 N.H. 158, 163 (2000) (reversing judgment on plaintiff's "quantum meruit" claim stating: "A plaintiff is entitled to restitution for unjust enrichment if the defendant received a benefit and it would be unconscionable for the defendant to retain that benefit."); Petrie-Clemons v. Butterfield, 122 N.H. 120, 127 (1982) (reviewing case where "plaintiffs recovered in quantum meruit for unjust enrichment); R. Zoppo Co., 122 N.H. at 1112-14 (describing plaintiff's claim as restitution, quantum meruit, and unjust enrichment). In Cohen v. Frank Developers, Inc., 118 N.H. 512, 517-18 (1978), however, the court noted that it had previously "held that quantum meruit is a restitutionary remedy intended for use by contracting parties who are in material breach of a contract and thus unable to sue on it." See R.J. Berke & Co. v. J.P. Griffin, Inc., 116 N.H. 760 764 (1976). Despite that ruling, as the above cited cases demonstrate, the court has cited the doctrine of quantum meruit in cases that did not involve contracting parties in material breach.

7

benefit from Eastern's work.  BAE asserts that it has paid FERD in full for the work.  In the absence of factual allegations that BAE did not pay for the work that was done, Eastern failed to state a claim under either unjust enrichment or quantum meruit.

### Conclusion

For the foregoing reasons, defendant BAE Systems, Inc.'s motion to dismiss (document no. 14) is granted.  Both claims brought against BAE Systems, Inc., are dismissed.

SO ORDERED.

_/s/ Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge

December 15, 2005

cc:  Lucy J. Karl, Esquire
     Robert V. McKenney, Esquire
     Arpiar G. Saunders Jr., Esquire
     Jonathan M. Shirley, Esquire