UNITED STATES DISTRICT COURT FOR THE
                          DISTRICT OF NEW HAMPSHIRE


<u>Eastern Electrical Corp.</u>

         v.                                  Civil No. 05-cv-303-JD

<u>FERD Construction, Inc.
and BAE Systems, Inc.</u>


                                   O R D E R

     Eastern Electrical Corporation moves for reconsideration of
the court's order granting the motion to dismiss its claims of
unjust enrichment and quantum meruit against BAE Systems, Inc.
In support of reconsideration, Eastern contends that the court
failed to understand that an exception to the rule, precluding
quantum meruit and unjust enrichment claims by a subcontractor
against the property owner, exists when the property owner
directs the subcontractor to do work outside of the contract with
the general contractor and agrees to pay for that work
separately.  Eastern also contends that it alleged that BAE did
not pay for the electrical work that was done on its building.
BAE objects to the motion, arguing that the order properly and
correctly applied the legal standards to the allegations in
Eastern's complaint.
     Citing cases from other states that recognize an exception
for subcontractors who are promised payment by property owners

for work outside the contract with the general contractor, Eastern contends that it is entitled to that exception based on the unusual circumstances of this case.  Eastern, however, did not allege analogous unusual circumstances in its complaint. Instead, Eastern alleges that it had a time and materials contract with FERD to do electrical work on BAE's building, called the "SPEWS II project," which required Eastern "to 'provide labor and material to complete all remaining electrical work on the SPEWS II project in accordance with plans and specifications . . . And all other work incidental thereto to make this item or items of work complete.'"  Compl. ¶ 13 (quoting contract).

The contract also set the maximum value of Eastern's work at $125,000 unless prior written authorization were received.  Id. Eastern alleges that FERD subsequently accepted change orders that increased the amount to $275,000 and also changed the agreement to proceed by field directives with approved time and material work slips.  Compl. ¶ 16.  Eastern further alleges that FERD and BAE continued to issue field directives for the remainder of the project and that it fully performed the work as directed by FERD and BAE.  Eastern alleges that it submitted inventories and work sheets to FERD, which FERD "accepted and acknowledged."  Compl. ¶ 18.  Eastern alleges that it has not

been paid in full for the work directed by FERD and BAE.

The complaint includes no allegations that BAE directed Eastern to do work that was outside of the contract with FERD or that BAE agreed to pay separately for any of the work that was done.  Instead, the complaint alleges that the parties proceeded under the contract as it was amended from time to time.  The complaint also does not allege that BAE did not pay FERD for the electrical work done on the project, although it does allege that Eastern has not received full payment for its work.  Therefore, the court concludes that no error, oversight, or misapprehension occurred in the order granting the motion to dismiss.

Eastern also files a motion to stay the proceedings in this case, which FERD is represented to have assented to.  Because the claims against BAE are dismissed, the case is limited to Eastern's claims against FERD.  Eastern states that it is engaged in settlement negotiations with FERD and that it will notify the court within thirty days whether a settlement has been reached or whether the dispute will be submitted to arbitration.  Although BAE does not assent to the motion to stay, both claims against defendant BAE have been dismissed, and the motion to reconsider that decision is denied.

<u>Conclusion</u>

For the foregoing reasons, the plaintiff's motion for reconsideration (document no. 27) is denied.  The motion to stay (document no. 28) is granted for thirty days.  Counsel shall inform the court of the status of this case **on or before February 13, 2006.**  If no notice is received by the date set, the remainder of the case, Eastern's claims against FERD, will be dismissed with prejudice.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

January 17, 2006

cc:   Lucy J. Karl, Esquire
      Robert V. McKenney, Esquire
      Arpiar G. Saunders Jr., Esquire
      Jonathan M. Shirley, Esquire