UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Eastern Electrical Corp.

   v.                            Civil No. 05-cv-303-JD

FERD Construction, Inc.

O R D E R

Following the dismissal of Eastern Electrical Corporation's claims against BAE Systems, Inc., BAE moves for entry of final judgment as to those claims, pursuant to Federal Rule of Civil Procedure 54(b). Eastern objects, contending it would not be appropriate to enter final judgment as to BAE at this stage of the litigation. Eastern and FERD Construction, Inc., notified the court on February 13, 2006, as they were required to do by the court's order of January 17, 2006, that they were in the process of examining additional documentation and would provide the court with a further update on or before March 13, 2006.

A.  Motion for Final Judgment

Rule 54(b) allows the court to direct the entry of final judgment as to one party, but not all parties, "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Ordinarily, a final judgment determines all of the claims as to

all of the parties to the action. Nichols v. Cadle Co., 101 F.3d 1448, 1449 (1st Cir. 1996). Further, "there is a long-settled and prudential policy against the scattershot disposition of litigation." Spiegel v. Trs. of Tufts Coll., 843 F.2d 38, 42 (1st Cir. 1988); accord Quinn v. City of Boston, 325 F.3d 18, 26 (1st Cir. 2003).

Because a premature partial judgment under Rule 54(b) may lead to piecemeal appeals, the First Circuit instructs that the rule should be used sparingly and only after "individualized assessment of the desirability and effect of an immediate appeal." Id. In assessing whether a just reason exists for entering a partial judgment, the court considers (1) whether the decision "disposed of all the rights and liabilities of at least one party as to at least one claim," (2) whether there is "any interrelationship or overlap among the various legal and factual issues involved in the dismissed and the pending claims," and (3) whether any equities and efficiencies [are] implicated by the requested piecemeal review." Credit Francais Int'l, S.A. v. Bio-Vita, Ltd., 78 F.3d 698, 706 (1st Cir. 1996); accord State St. Bank & Trust Co. v. Brockrim, Inc., 87 F.3d 1487, 1489 (1st Cir. 1996). The court must then "make specific findings and set forth its reasoning" to support a partial final judgment under Rule 54(b). Quinn, 325 F.3d at 26.

Eastern filed suit against FERD and BAE, seeking payment for electrical work it did as a subcontractor during the renovation of a building owned by BAE where FERD was the general contractor on the project. Eastern alleged breach of contract against FERD and claims of quantum meruit and unjust enrichment against both FERD and BAE. The court granted BAE's motion to dismiss both claims against it. Eastern and FERD then moved to stay the proceedings for thirty days while they pursued a settlement and also represented that if a settlement were not reached, they would arbitrate their remaining dispute. The court stayed the proceedings for thirty days with the requirement that counsel inform the court of the status of the case by February 13, 2006, or the remainder of the case would be dismissed with prejudice.

On February 13, 2006, counsel for Eastern informed the court that Eastern and FERD were continuing their efforts to resolve the case, which involved FERD reviewing documentation of Eastern's claim for additional payments. Counsel represented that review would be complete within four weeks. On March 15, 2006, counsel informed the court that review of the documentation is ongoing and that further review is likely to take approximately another four weeks.

BAE moves for partial judgment under Rule 54(b) so that it will not continue in "judicial limbo" while the case between FERD

3

and Eastern proceeds.  BAE asserts that the principal dispute between Eastern and FERD is the contract claim and that "Eastern's dispute against BAE and FERD can almost be viewed as separate actions."  Motion at 3.  BAE further contends that any appeal of the judgment in its favor would focus on whether Eastern's allegations in the complaint were sufficient to sustain its equitable claims against BAE and would not involve the issues remaining between FERD and Eastern.  While BAE admits that an appeal of the dismissal of the claims against it would be moot if Eastern were to recover all of the payments it claims from FERD, BAE argues that the possibility of mootness should not prevent final judgment under Rule 54(b) because such an outcome is unlikely.  Eastern opposes partial final judgment on the grounds that no exceptional circumstances exist in this case that would support piecemeal judgments, that its claims against FERD are linked to the claims that were dismissed against BAE, and that partial judgment would likely result in concurrent proceedings.

    In considering a Rule 54(b) motion, the court begins with longstanding prudential policy against piecemeal litigation and will grant the motion only in exceptional circumstances.  <u>See</u> <u>Willhauck v. Halpin</u>, 953 F.2d 689, 701 (1st Cir. 1991).  BAE has not demonstrated that its position of "judicial limbo" constitutes such exceptional circumstances in this case.

Further, the case is likely to be resolved in the near future. Therefore, the motion is denied.

B.  Status of the Case

Eastern filed a petition to attach with notice at the same time that it filed its complaint, seeking an attachment against property of both FERD and BAE.  Because the claims against BAE have been dismissed, the petition as to BAE is denied.  FERD moved for and was granted a series of extensions of time to answer the complaint and to respond to the petition to attach. Before the final time set for FERD's answer and response, Eastern and FERD moved to stay the proceedings while they pursued a settlement and also represented that they would submit any unresolved claims to arbitration.  Neither party mentioned the pending petition to attach in the motion to stay.  The petition to attach with notice is denied as to BAE and terminated without prejudice as to FERD.

The process of reaching a settlement of the remaining claims has extended well beyond the thirty days the parties originally predicted.  Eastern and FERD are allowed until **April 20, 2006,** to notify the court that they have reached a settlement or, alternatively, that they will proceed with arbitration.  If neither a notice of settlement nor a notice of the parties'

arbitration is filed by that date, the case will be dismissed with prejudice.[1]

## Conclusion

For the foregoing reasons, BAE's motion for entry of final judgment (document no. 31) is denied.  BAE's motion to file a reply (document no. 35) is granted, and the reply was considered in ruling on the motion.  Eastern's petition to attach (document no. 2) is denied as to BAE and is terminated without prejudice as to FERD.  This case is stayed until **April 20, 2006.**

SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　_/s/ Joseph A. DiClerico, Jr._
　　　　　　　　　　　　　　　　　　　　　Joseph A. DiClerico, Jr.
　　　　　　　　　　　　　　　　　　　　　United States District Judge

March 17, 2006

cc:  Lucy J. Karl, Esquire
　　　Robert V. McKenney, Esquire
　　　Arpiar G. Saunders, Jr., Esquire
　　　Jonathan M. Shirley, Esquire

---

[1] Because Eastern and FERD have represented that their dispute will be arbitrated if they fail to reach a settlement, the present action will not continue in either case.